

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. WR-95,984-01

---

### EX PARTE TRAVIS COBB, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2018CR11604-W1 IN THE 399TH DISTRICT COURT
### BEXAR COUNTY

---

**SCHENCK, P.J., filed a concurring opinion.**

### **O P I N I O N**

The Court today grants Applicant habeas relief, and I agree with that decision.

I write separately to express my skepticism over this Court's reliance on federal

habeas case law in formulating the standard set forth in *Ex parte Elizondo*, 360

S.W.3d 446 (Tex. Crim. App. 2011). In *Elizondo*, we cited *Herrera v. Collins*, 506

U.S. 390 (1993) (bare claims of actual innocence) and *Schlup v. Delo*, 513 U.S. 298

(1995) (claims of actual innocence with alleged constitutional violations), to recognize two types of actual innocence claims.[1]

We held in *Elizondo* that the proper standard of review for bare claims of actual innocence like Applicant's is whether there is "*clear and convincing evidence that no reasonable juror would have convicted him in light of the new evidence.*" 947 S.W.2d at 209 (emphasis added). In doing so, we recognized that, in the context of federal habeas law,[2] a bare claim of actual innocence fails unless "new facts unquestionably establish" innocence. *Id.* at 208 (quoting *Schlup*, 513 U.S. at 315); *Herrera*, 506 U.S. at 417. Because the Supreme Court had not defined "unquestionably established," but clearly indicated that the standard was higher than the "more likely than not" standard it applied in *Schlup*, we held that "unquestionably establish" must have meant the same thing as "clear and convincing" and adopted that "clear and convincing" standard as our own. *Elizondo*, 947 S.W.2d at 209.

Properly characterized, the "extraordinarily high" standard this Court relied on in formulating *Elizondo* review is actually the "gateway" to habeas relief in

---

[1] It may be unfortunate that we have appended this appellation to the claim, as it may be misunderstood to equate to a judicial fact finding that would preclude further proceedings. What I address here is a claim based on cognizable new evidence that so undermines confidence in the judgment of conviction as to necessitate issuance of the writ for a new trial.

[2] *Herrera* addressed a challenge to a state conviction under 28 U.S.C. § 2254.

*federal* courts when those courts move to undo one of our judgments. *House v. Bell*, 547 U.S. 518, 538 (2006). It is not the "gateway" to habeas relief in *state* courts. In conflating the two, the *Elizondo* Court may have created unnecessary tension between the federal habeas system and our State's jurisprudence by ignoring the underlying federalism considerations animating *Herrera*. As the Supreme Court itself has recognized, "Federal intrusions into state criminal trials frustrate both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights." *Brecht v. Abrahamson*, 507 U.S. 619, 635 (1993) (quoting *Engle v. Isaac*, 456 U.S. 107, 128 (1982)).

When a state court, in contrast, makes its own "good-faith attempts to honor constitutional rights," the same federalism considerations and the same "extraordinarily high" "gateway" obviously do not exist. *See id.*; *see also Bell*, 547 U.S. at 538. As we have our own State Constitution and our own suspension clause,[3] we would do well to establish our own standards for their recognition and enforcement mindful of our primary role and responsibility for the administration of criminal justice in our State. I recognize that we have not made a habit of applying our own Constitution to examine questions of entitlement to habeas relief in our courts. Given that federal habeas review under 28 U.S.C. § 2254 exists as a back

---

[3] TEX. CONST. art. I, § 12 ("The writ of Habeas Corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual.").

stop to—and generally requires exhaustion of—state remedies precisely because that primary level of review includes both state and federal constitution remedies, our review should be independent and comprehensive.

I also recognize that the difference between a "more likely than not" standard of review and a "clearly and convincing" one seems ephemeral. Nevertheless, if presented with the conclusion that one of our own judgments is so afflicted, I would prefer to pause and ask the question of how our own Constitution would direct us to proceed.

This tension—between federal habeas jurisprudence that recognizes its intrusion into our State's sovereign power and our own habeas jurisprudence that nevertheless relies on the very cases that cut into our sovereign power—highlights my concerns with our opinion in *Elizondo*. But the question of whether we should reexamine *Elizondo* is not squarely before us today. Still, recognizing the potential conflict between the two bodies of law, this Court should entertain the opportunity to reexamine our approach on actual innocence habeas claims in the appropriate case.

Delivered: March 26, 2025
Publish